## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY THOMAS and ISHAYE THOMAS,** | : | **Civil No. 4:12-CV-692** |
| | : | |
| **Plaintiffs,** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MARK SHUTIKA, and COMMONWEALTH OF PENNSYLVANIA,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case.

This is a civil rights action brought by Jeffrey Thomas, and his wife, Ishaye Thomas, against the Commonwealth of Pennsylvania, and an employee of the state Department of Corrections, Mark Shutika. (Doc. 1.) According to the Thomases' complaint, in January of 2011, Jeffrey Thomas was incarcerated at the State Correctional Institution Rockview, when he was ordered by defendant Shutika to operate a jackhammer as part of a work detail at this facility. Thomas alleges that he was untrained in the operation of this equipment and unequipped with safety shoes, but was nonetheless coerced by the defendant to undertake this work assignment. According to Thomas, due to his lack of training and safety equipment he suffered

multiple fractures to his right foot as a result of the jackhammer jumping and crushing his foot. (Id.)

Following this factual recital, Thomas' complaint brings four claims against the defendants: (1) a civil rights claims against defendant Shutika under Title 42, U.S. Code Section 1983 (Doc. 1, Count I); (2) a state law negligence claim against defendant Shutika; (Doc. 1, Count II); (3) a claim of *respondeat superior* liability against the Commonwealth of Pennsylvania (Doc. 1, Count III); and (4) a claim on behalf of Ishaye Thomas, Jeffrey Thomas' spouse, for loss of consortium as a result of her husband's injuries. (Doc. 1, Count IV.)

The defendants initially filed a motion to dismiss which only sought to dismiss Ishaye Thomas' loss of consortium claim, arguing that such claims are not cognizable in a federal civil rights action brought under 42 U.S.C. §1983. (Doc. 8.) Upon briefing of this motion by the parties, (Docs. 11 and 13), the defendants have now filed a praecipe seeking to withdraw the motion. (Doc. 15.)  For the reasons set forth below, it is recommended that this motion be deemed withdrawn since, to the extent that Ishaye Thomas' loss of consortium claim is premised upon, and dependent upon, the state law negligence claim brought by her spouse, Jeffrey Thomas, Ishaye Thomas is permitted to maintain this claim.

## II.    Discussion

**B.**      **<u>Ishaye Thomas May Maintain a Loss of Consortium Claim Premised Upon, and Dependent Upon, the State Law Negligence Claim Brought by Her Spouse, Jeffrey Thomas</u>**

In this case, the question initially framed by the defendants' motion to dismiss can be simply stated: To what extent may the spouse of an injured inmate bring loss of consortium claims based upon either federal civil rights violations or state law torts alleged by the inmate-plaintiff?

With respect to this question, case law defines two guiding principles: First, with respect to the civil rights violations claimed by Jeffrey Thomas it is well-settled that, as a general rule, "there is no authority to permit spousal recovery for loss of consortium based on violations of the other spouse's civil rights. <u>Dunshee v. McGurk</u>, 1987 WL 18418, 1987 U.S. Dist. LEXIS 9209 (E.D.Pa.1987); <u>Hopkins v. Kates</u>, No. 85–2444, slip op. (E.D.Pa. July 9, 1985); <u>Touchstone v. Upper Gwynedd Township</u>, No. 78–2112, slip op. at 2, 4 (E.D.Pa. July 29, 1980), aff'd, 691 F.2d 491 (3d Cir.1982)." <u>Quitmeyer v. Se. Pennsylvania Transp. Auth. ("SEPTA")</u>, 740 F. Supp. 363, 370 (E.D. Pa. 1990). In particular, "there is no authority to consider a loss of consortium claim deriving from a claim of injury by an injured  spouse brought pursuant to 42 U.S.C. § 1983. The purpose of section 1983 claims, as intended by Congress, was to provide a federal forum to remedy deprivations of civil rights. <u>Will</u>, 491 U.S. at 66, 109 S.Ct. at 2309–10. It was intended to create 'a species of tort liability' in favor of persons deprived of *federally secured rights,* <u>see Smith</u>, 461 U.S.

at 34, 103 S.Ct. at 1628–29 (emphasis added), not to provide a mechanism for vindication of state torts derived from another's section 1983 claim." <u>Wiers v. Barnes</u>, 925 F. Supp. 1079, 1095-96 (D. Del. 1996)(emphasis in original).Thus, "although there is limited case law on this issue, the federal courts almost unanimously have dismissed loss of consortium claims based upon federal civil rights violations." <u>Brown v. Youth Services Int'l of Baltimore, Inc</u>., 904 F. Supp. 469, 470 (D. Md. 1995)(citations omitted).

For their part, the plaintiffs do not contest this general legal proposition. Rather they assert that there is a legal corollary to this principle which precludes loss of consortium claims in federal civil rights actions. According to the plaintiffs "[a] spouse's consortium claim derives only from the injured spouse's right to recover [under state law] in tort. <u>Quitmeyer v. Se. Pa. Transp. Auth.</u>, 740 F.Supp. 363, 370 (E.D.Pa.1990) (citing <u>Little v. Jarvis</u>, 219 Pa.Super. 156, 280 A.2d 617 (Pa.Super.Ct.1971)); <u>Pahle v. Colebrookdale Twp.</u>, 227 F.Supp.2d 361, 375 (E.D.Pa.2002). 'Thus, where the allegedly injured spouse fails to plead a cognizable claim, his spouse's claim for loss of consortium cannot survive.' <u>Quitmeyer</u>, 740 F.Supp. at 370; <u>see also Murray v. Commercial Union Ins. Co.</u>, 782 F.2d 432, 438 (3d Cir.1986) (dismissing consortium claim of plaintiff's spouse in absence of tort liability on part of defendants)." Watson v. Haverford Twp. Police Dept., CIV.A. 10-6731, 2011 WL 2200306 (E.D. Pa. June 6, 2011), <u>See Wakshul v. City of Philadelphia</u>, 998

F. Supp. 585, 590 (E.D. Pa. 1998)("Under Pennsylvania law, a wife's consortium claim derives only from the injured husband's right to recover in tort. See Little v. Jarvis, 219 Pa.Super. 156, 280 A.2d 617, 620 (1971)"). Relying upon this corollary concept, the plaintiffs argue that Ishaye Thomas may maintain a loss of consortium claim which is based solely upon, and thus is entirely dependent upon, her husband's state law tort claims.

These two guiding principles control the resolution of the instant motion to dismiss, and lead to the following result in this case: First, to the extent that any loss of consortium claim by Ishaye Thomas was premised upon her husband's federal civil rights claims, this motion to dismiss be should granted since "there is no authority to permit spousal recovery for loss of consortium based on violations of the other spouse's civil rights." Quitmeyer v. Se. Pennsylvania Transp. Auth. ("SEPTA"), 740 F. Supp. 363, 370 (E.D. Pa. 1990). However, under Pennsylvania law, to the extent that Jeffrey Thomas is bringing a state law negligence tort claim in this action, his spouse, Ishaye Thomas, may maintain a loss of consortium claim which derives from the injured spouse's right to recover in tort. Quitmeyer v. Se. Pa. Transp. Auth., 740 F.Supp. 363, 370 (E.D.Pa.1990) (citing Little v. Jarvis, 219 Pa.Super. 156, 280 A.2d 617 (Pa.Super.Ct.1971)); Pahle v. Colebrookdale Twp., 227 F.Supp.2d 361, 375 (E.D.Pa.2002). Under Pennsylvania law, the scope of this state law derivative spousal claim has been aptly described in the following terms:

> In Pennsylvania, a loss of consortium means a loss of the company, society, cooperation, affection and aid of a spouse in every conjugal relation. Cleveland v. Johns–Manville Corp., 547 Pa. 402, 408, 690 A.2d 1146 (1997); Hopkins v. Blanco, 224 Pa.Super. 116, 302 A.2d 855 (1973), aff'd. 457 Pa. 90, 320 A.2d 139 (1974); Bedillion v. Frazee, 408 Pa. 281, 284–285, 288, 183 A.2d 341 (1962); Kelley v. Township of Mayberry, 154 Pa. 440, 26 A. 595 (1893); Fanelle v. Lojack Corp., 2000 WL 1801270, *13 (E.D.Pa.2000). It includes not only material services, but intangibles such as society, guidance, companionship and sexual relations. Id. A wife who suffers a loss of consortium does not herself sustain physical injury, but rather, damaged marital expectations as a result of the injuries to her husband. Id.; Darr Constr. Co. v. Workmen's Compensation Appeal Bd., 552 Pa. 400, 406, 715 A.2d 1075 (1998); Sprague v. Kaplan, 392 Pa.Super. 257, 572 A.2d 789 (1990). Her case is derivative, i.e. dependant on the success of the underlying claim asserted by her injured husband. Kryeski v. Schott Glass Technologies, Inc., 426 Pa.Super. 105, 119, 626 A.2d 595 (1993); McNeal v. City of Easton, 143 Pa.Cmwlth. 151, 160, 598 A.2d 638 (1991); Schroeder v. Ear, Nose & Throat Assoc., 383 Pa.Super. 440, 443, 557 A.2d 21 (1989); Tiernan v. Devoe, 923 F.2d 1024, 1036 (3rd Cir.1991); Fanelle, 2000 WL 1801270, *13

Pahle v. Colebrookdale Twp., 227 F. Supp. 2d 361, 374-75 (E.D. Pa. 2002).

The defendants' praecipe to withdraw this motion to dismiss correctly acknowledges the viability of this derivative state law tort loss of consortium claim in this case. Therefore, the motion to dismiss this claim should be deemed withdrawn and dismissed.

## III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motion to dismiss be deemed withdrawn, and dismissed by this court.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th  day of August, 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge